MADDEN *v.* WHEELER.

Opinion delivered October 6, 1919.

SALE OF LAND—FAILURE TO PAY—RENT—FORFEITURE.—Land was sold to appellant on installments, the contract providing that, in case of default, the sale should be forfeited, and payments made be treated as rent. Default was made. *Held,* a forfeiture occurred which was not waived, and the relationship of landlord and tenant automatically established.

Appeal from Columbia Chancery Court; *James M. Barker,* Chancellor; affirmed.

*Stevens & Stevens,* for appellant.

1.   The decree below is erroneous because (1) there is no evidence that J. W. Wheeler declared a forfeiture on the failure to pay the first note due and he died before the second note fell due, and (2) because at no time after the contract could Wheeler or his estate convey the title to Madden in compliance with the contract, and until the vendor could so comply there could be no forfeiture on the part of the vendee.  10 L. R. A. 465-468; 62 S. W. 94.

2.   A vendor of land can not enforce the contract against his vendee who is in default unless he himself is in condition to perform.  3 L. R. A. (N. S.) 106; 36. *Id.* 315.   And plaintiffs can not complain for the delay in payment, for there was no one to pay until May 18, 1914, when Fannie Wheeler was appointed administratrix.   The failure to pay has been waived.   Bowen on Law of Waiver, § 56; 1 Pom. Eq. Jur., § 452; 59 Ark. 409; 87 *Id.* 393; 77 *Id.* 168.

Under the facts of this case appellant is clearly entitled to a conveyance.   113 Ark. 433; *Hanson* v. *Brown,* 139 Ark. 60; 88 Ark. 604.

3.   The evidence is uncontradicted.  The sheriff levied upon the crop of appellant, ungathered in the field, and told him not to gather it; that at the time of the levy, there was according to the sheriff's opinion and appellant's, 75 bushels of corn and 800 pounds of seed cotton and about 35 bushels of peas, and the loss amounted to $156 from damage, and appellant may prove what the crop was worth when levied on and what it was worth when the attachment was released.  54 Ark. 463.

4.   We are thus entitled to credit for this on the amount due the estate.   55 Ark. 622.

*Walker Smith,* for appellees.

1.   There was no waiver of forfeiture prior to Wheeler's death.   Mere failure to return the contract,

or mere silence on his part, is not sufficient to show a waiver. 48 Ark. 413; 87 *Id.* 593.

2. There has been no waiver since the death of Wheeler. Wheeler died intestate, leaving no debts. The land descended to his heirs, some of whom are minors, and they, not appellant, have paid the taxes since 1910. Appellant has not paid or attempted to pay any of the five notes. Fannie Wheeler was appointed administratrix in 1914, and appellant was advised that he could present his petition to the proper court, and, on payment of amount due, the court would order a deed made. Appellant made no effort to pay until about the time the last note was due and the only reason given by him was inability to pay. The chancellor made his finding on conflicting evidence and his findings will stand. 87 Ark. 593. Kirby & Castle's Digest, section 213, provides a method which appellant could have pursued had he desired to pay his notes and secure a deed. The administratrix had no authority to waive the forfeiture. 27 Ark. 235; 115 *Id.* 572. See also 18 Cyc. 317.

3. Appellant can not deny appellee's title, either as purchaser or tenant. He took possession of the land and recognized Wheeler's title and now can not deny it. 27 Ark. 61; *Ib.* 160; 188 S. W. 561.

4. The rents amount to more than any claim of appellant for damages or loss claimed.

McCULLOCH, C. J. Appellees, who were plaintiffs below, are respectively the widow and heirs of J. W. Wheeler, who died in the month of May, 1911, and was the owner of the tract of land in controversy. About a year before the death of J. W. Wheeler he entered into a written contract with appellant for the sale of the land in controversy to the latter for a small cash consideration and the balance of the price to be paid in five annual installments evidenced by promissory notes. The contract contained the following clause:

"But in case the said second party shall fail to make the payments aforesaid, or any of them, punctually and

upon the strict terms and at the time above limited, and likewise to perform and complete all and each of the agreements and stipulations aforesaid, strictly and literally, without any failure or default, time being the essence of this contract, then this contract shall, from the date of such failure, be null and void, and all rights and interests hereby created, or then existing, in favor of the said second party, heirs or assigns, or derived under this contract, shall utterly cease and determine, and the premises hereby contracted, shall revest in the said first party, its successors or assigns (without any declaration of forfeiture or act of re-entry, or without any other act by said first party to be performed and without any right in said second party of reclamation or compensation for moneys paid or improvements made), as absolutely, fully and perfectly as if this contract had never been made. And it is hereby further covenanted and agreed by and between the parties hereto, that immediately upon the failure to pay any of the notes described all previous payments shall be forfeited to the party of the first part, and the relation of landlord and tenant shall arise between the parties hereto, for one year, from January 1, immediately preceding the date of default, and the said party of the second part shall pay rent at the rate of $................ for occupying the premises from the said January 1, to the time of default, such rent to be due and collectible immediately upon such default.''

The first of the annual installment notes became due before J. W. Wheeler died, but it does not appear that any effort was made on his part to declare a forfeiture or to disturb appellant's occupancy of the land. Appellant subsequently made a small payment on the purchase price to the administrator of the estate of J. W. Wheeler.

This action was instituted by appellees to recover possession of the land. Appellant filed an answer and cross-complaint admitting the execution of the contract and alleging that he had been ready at all times to pay the purchase price. The prayer of the cross-complaint was that the cause be transferred to equity and an ac-

counting taken as to the balance due on the purchase price and that specific performance of the contract be decreed. The cause was transferred at appellant's request and proceeded to final decree on oral testimony.

There is a sharp conflict in the testimony on the issue as to whether or not appellant offered to perform the contract. It is conceded by counsel for appellant that there were grounds for forfeiture on account of failure to pay the notes, but it is contended that there was a waiver of the forfeiture by agreement to accept the amount of the purchase price, and that the forfeiture was inoperative because appellant stood ready at all times to pay the price upon the execution of the deed. We have carefully considered the evidence and have reached the conclusion that the finding of the chancellor on this issue is not against the preponderance of the evidence.

It is also contended that there was no forfeiture for the reason that appellants were not in an attitude to comply with the contract of J. W. Wheeler in that the latter did not have a perfect title at the time of his death. The evidence discloses the fact that there was an incumbrance on the land, which the widow of J. W. Wheeler subsequently discharged, and the widow was appointed administratrix of the estate for the purpose of making a conveyance to appellant when ordered so to do by the probate court. It is shown by the evidence that appellant was notified of the fact that the administratrix was appointed so that the execution of the deed could be ordered upon the payment of the purchase price, but that appellant failed to avail himself of the opportunity to pay the price and procure a deed in accordance with the terms of the contract.

We are of the opinion that, under the terms of the contract between J. W. Wheeler and appellant, the latter automatically became a tenant upon his failure to pay the installments of the purchase price, that appellant failed to pay or offer to pay the purchase price as the installments fell due, and that there was no waiver of the forfeiture.

It is further contended that the court erred in refusing to allow appellant damages on account of a wrongful attachment of his property, but the court seems to have taken that into consideration in fixing the amount of the decree for rent. At any rate, it does not satisfac-' torily appear from the abstract of the case that the amount of damages was not taken into consideration and allowed by the court.

Decree affirmed.